Easterly, Associate Judge, concurring:
As noted above, ante at 741, the majority opinion does not resolve what footnote 19 in Gardner means. After holding that (1) the trial court had "erred by allowing [the firearms and toolmark examiner] to give an unqualified opinion about the source of the bullet that killed [the decedent]," Gardner v. United States, 140 A.3d 1172, 1184 (D.C. 2016), and (2) "in this jurisdiction a firearms and toolmark expert may not give an unqualified opinion, or testify with absolute or 100% certainty, that based on ballistics pattern comparison matching a fatal shot was fired from one firearm, to the exclusion of all other firearms," id. , this court stated in footnote 19 that its holding was "limited in that it allows toolmark experts to offer an opinion that a bullet or shell casing was fired by a particular firearm, but it does not permit them to do so with absolute or 100% certainty." Id. at 1184 n.19.
The government argues that this footnote limits Gardner 's holding to prohibiting express certainty statements and that it is still authorized, post Gardner , to present opinion testimony identifying a specific bullet as having been fired by a specific gun. I agree with our determination that "the government's interpretation of this footnote is difficult to square with the above-the-line holding that the trial court 'had erred' by admitting the examiner's 'unqualified opinion,' that the 'the silver gun was the murder weapon.' " Ante at 740 (citing id. at 1184 ). But I would take this opportunity to explicate footnote 19. Placed in factual context of the testimony provided in Gardner and the analytic context of the government reports cited by the court, this footnote can only logically be understood in one way: as an acknowledgment that the government might be able to present expert opinion testimony that a specific bullet was fired by a specific a gun if the examiner could reliably qualify his pattern-matching opinion- i.e., if he can provide a verifiable error rate. See ante at notes 11, 12, & 15; cf. Gardner , 140 A.3d at 1184 (expressing doubt that it would be sufficient for an examiner to qualify that his pattern-matching opinion was made with "a reasonable degree of certainty").
Nebeker, Senior Judge, separate statement in concurrence:
This is not a case in which to resolve the knotty question of to what degree of certainty, or not, an expert's opinion is admissible *747 as to a particular fact. This is a direct appeal from convictions, which is confined to a harmless error judgment.